UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-1164-KK-SHKx | Date: | July 17, 2025 |
|---|---|---|---|
| Title: | *Deborah A. Perez v. Sams West, Inc. et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 17]

## I. INTRODUCTION

On April 7, 2025, plaintiff Deborah A. Perez ("Plaintiff") filed a Complaint in the Riverside County Superior Court against defendants Sam's West, Inc. ("Sam's West"), Lupita de Haro (collectively, "Defendants"), and Does 1 through 50, asserting claims for negligence and premises liability arising from a slip-and-fall at a Sam's Club store. ECF Docket No. ("Dkt.") 1 at 8-12, Complaint ("Compl."). On May 13, 2025, the action was removed to this Court on the basis of diversity jurisdiction. Id. at 1-5.

On June 13, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 17, Motion ("Mot."). The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated below, Plaintiff's Motion is **DENIED**.

## II. BACKGROUND

### A. PROCEDURAL HISTORY

On April 7, 2025, Plaintiff filed the operative Complaint in Riverside County Superior Court against Defendants and Does 1 through 50, asserting claims for negligence and premises liability arising from a slip-and-fall at a Sam's Club store at 6363 Valley Springs Parkway in Riverside, California ("Riverside Sam's Club") on April 14, 2023. Compl.

On May 13, 2025, Defendants removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and contending defendant de Haro, a California citizen, was fraudulently joined. Dkt. 1. In support of its removal, defendant Sam's West submitted a declaration by defendant de Haro. Dkt. 1 at 18-19, Declaration of Lupita de Haro ("de Haro Decl."). Defendant de Haro states on the date of the incident, she was working at a Sam's Club store in San Diego, California and "had no involvement in, control over, or responsibility for any aspect of the operations or personnel" at the Riverside Sam's Club. Id. ¶ 3.

On June 13, 2025, Plaintiff filed the instant Motion seeking to remand this action, arguing defendant de Haro was not fraudulently joined, and as a result, complete diversity is lacking. Mot.

On June 18, 2025, defendant Sam's West filed an Opposition to the Motion. Dkt. 18.

On June 26, 2025, Plaintiff filed a Reply. Dkt. 20.

The matter, thus, stands submitted.

**B.    RELEVANT FACTS**

As alleged in defendant Sam's West's Notice of Removal, Plaintiff is a citizen of California, and defendant Sam's West is a citizen of Arkansas with its principal place of business in Arkansas. Dkt. 1 ¶¶ 7-8. Defendant de Haro is a citizen of California. Id. ¶ 8. Plaintiff alleges Doe Defendants 1 through 25 "were the agents or employees of other named defendants and acted within the scope of the agency or employment[,]" and Doe Defendants 26 through 50 "are persons whose capacities are unknown to plaintiff." Compl. at 9.

According to the Complaint, on April 14, 2023, Plaintiff was present at the Riverside Sam's Club where Plaintiff slipped and fell due to "unattended 'strawberries' on the floor in the produce section". Id. at 11. Plaintiff alleges "defendants and their employees . . . negligently, carelessly, and recklessly designed, maintained, installed, operated, owned, controlled, and/or inspected the floor" of the store. Id. Plaintiff suffered "severe shock and injuries to her neck, back, and other parts of her body" and "great physical and emotional pain and suffering" as a result of the fall. Id.

According to defendant de Haro's Declaration, on April 14, 2023, the date of the incident, defendant de Haro was "working as co-manager at [Sam's Club] in San Diego." de Haro Decl., ¶ 3. In that role, she "had no involvement in, control over, or responsibility for any aspect of the operations or personnel at [the Riverside Sam's Club][.]" Id. On July 29, 2023, defendant de Haro took the position of Club Manager at the Riverside Sam's Club. Id. ¶ 4. Defendant de Haro declares "[a]t no point prior to moving into the Club Manager role at [the Riverside Sam's Club] on July 29, 2023, had I ever been involved in the design, maintenance, installation, operation, ownership, control, or inspection of the floor of [the Riverside Sam's Club][.]" Id. ¶ 6.

///

///

# III.
# LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.; see also Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008) (holding "any doubt" as to the propriety of removal "is resolved against removability").

When an action is removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, the defendant must establish (1) complete diversity among the parties, and (2) the amount in controversy exceeds $75,000. Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). Complete diversity requires each plaintiff to be of a different citizenship than each defendant. Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

In determining whether complete diversity exists for purposes of establishing diversity jurisdiction, a court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Id.; see also Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"). There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009). "Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Under the second theory of fraudulent joinder, "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[,]" then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]" Morris, 236 F.3d at 1067 (internal brackets omitted). But "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Hunter, 582 F.3d at 1046. The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under [Federal Rule of Civil Procedure] 12(b)(1) for lack of federal question jurisdiction." Grancare, LLC, 889 F.3d at 549 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). "[T]he test for fraudulent joinder and for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6) are not equivalent" because "[a] claim against a defendant may fail under [Federal Rule of Civil Procedure] 12(b)(6), but that defendant has not necessarily been fraudulently joined." Id.

///

///

///

## IV.
## DISCUSSION

### A.   APPLICABLE LAW

Under California law, "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." Kesner v. Superior Ct., 384 P.3d 283, 300 (Cal. 2016).  "[A] defendant generally does not have an affirmative duty to protect others when he or she has not created the peril or increased the risk of danger." Moses v. Roger-McKeever, 91 Cal. App. 5th 172, 178-79 (2023).  Thus, "a defendant cannot be held liable for the defective or dangerous condition of property which it does not own, possess, or control." Id. at 179 (citation modified).

### B.   ANALYSIS

Here, Plaintiff is unable to establish a cause of action against defendant de Haro because defendant de Haro did not "own, possess, or control" the premises at issue. See Moses, 91 Cal. App. 5th at 179.  Plaintiff conclusorily alleges defendant de Haro "negligently, carelessly, and recklessly designed, maintained, installed, operated, owned, controlled, and/or inspected the floor" of the Riverside Sam's Club on April 14, 2023.  Compl. at 11.  However, according to defendant de Haro's declaration, defendant de Haro was "working as co-manager at [Sam's Club] in San Diego" on the day of Plaintiff's slip-and-fall.[1]  de Haro Decl., ¶ 3.  Defendant de Haro began working at Riverside Sam's Club on July 29, 2023. Id.  Prior to July 29, 2023, defendant de Haro had no involvement in the "design, maintenance, installation, operation, ownership, control, or inspection of the floor" of the Riverside Sam's Club. Id. ¶ 6.  Hence, because defendant de Haro did not own, possess, or control the premises at issue, Plaintiff cannot establish a cause of action for negligence or premises liability against defendant de Haro. See McDowell v. Walmart Inc., No. EDCV 22-897-JBG-KKx, 2022 WL 3018064, at *3 (C.D. Cal. July 28, 2022) (finding the plaintiff would not be able to establish a cause of action against a manager defendant for the plaintiff's slip-and-fall at a Walmart store because the manager defendant did not work any shift at the Walmart store on the day of the incident or any shift on at least the two days before the incident).

The Court, therefore, finds defendant de Haro's joinder was fraudulent, and will disregard her citizenship for jurisdictional purposes.[2]  See Grancare, LLC, 889 F.3d at 548; Morris, 236 F.3d at

---

[1] Plaintiff argues defendant de Haro's statements constitute legal conclusions that address merits of Plaintiff's allegations, and therefore, present factual disputes that "must be resolved in the plaintiff's favor." Mot. at 7-9.  However, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1068 (9th Cir. 2001) (quoting Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)).  Accordingly, the Court considers defendant de Haro's declaration as evidence for the purpose of this Motion. See e.g. Osuna v. Target Corp., No. 2:22 CV-07-960-ODW-PVCx, 2023 WL 1784733, at *3 (C.D. Cal. Feb. 6, 2023) (considering the declaration of a manager defendant in finding fraudulent joinder, where the defendant declared he was not working at the subject store at the time of the incident).

[2] Plaintiff argues diversity of citizenship does not exist because Plaintiff has identified the identities of other employees "all of whom are California residents, and any one of whom defeats diversity", and Plaintiff anticipates seeking to amend to join these non-diverse employees.  Dkt. 20 at 3-4; Mot. at 9.  However, because Plaintiff has not yet sought leave to amend her complaint,

1067.  Thus, because Plaintiff is a citizen of California and defendant Sam's West is a citizen of Arkansas, complete diversity exists.[3]  See Dkt. 1 ¶¶ 7-8.  In addition, the amount in controversy exceeds $75,000 because Plaintiff, in her pre-litigation demand, indicated she seeks $2,000,000.  Dkt. 1 ¶ 16.  Accordingly, the Court has subject matter jurisdiction over this action.

## V.
## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

---

Plaintiff's argument is "speculative, premature, and does not provide any basis for remand at this time."  Osuna, 2023 WL 1784733, at *4.

[3] Plaintiff appears to concede she "does not rely on the fictitious naming of Doe defendants to defeat removal."  Dkt. 20 at 3.  Accordingly, the Court disregards the citizenship of the Doe Defendants in the instant Motion for purposes of determining diversity jurisdiction.